**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Cortes; Dean Forrest,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Thunderbird Collection Specialists, Inc.,<br><br>　　　　Defendant. | No.　　CV 08-0774-PHX-JAT (Lead)<br>　　　　CV 08-0776-PHX-JAT (Cons)<br><br>**ORDER** |

Pending before the Court is Plaintiff Dean Forrest's Motion to Change Divisional Office (Case # CV-08-0776-PHX-JAT, Doc. # 11). Defendant has indicated in its Response (Case # CV-08-0776-PHX-JAT, Doc. # 12) that it does not object to Plaintiff's Motion. The Court now rules on the matter.

Plaintiff Forrest, a resident of Yavapai county, has requested that the Court transfer the present action from the Phoenix Division of the District of Arizona to its Prescott Division. 28 U.S.C. § 1404 governs the transfer of civil actions between divisions within a federal district.

According to 28 U.S.C. § 1404(c), "[a] district court may order any civil action to be tried at any place within the division in which it is pending." Although Forrest has requested transfer and Defendant has not objected, the Court finds that this transfer would not serve the interests of fairness or efficiency. After Forrest filed his Motion to Change Divisions, his case was consolidated with that of Sara Cortes. Ms. Cortes is a resident of Maricopa County,

1 and she has not had a chance to be heard on this matter.  Further, in response to Defendant's
2 Motion to Consolidate, Forrest stated that he would not be inconvenienced by a deposition
3 in Phoenix.  Forrest has thus waived any arguments that the burden of proceeding in the
4 present division is too burdensome, at least at the current point in the litigation process.

5       The Court acknowledges that the Ninth Circuit Court of Appeals has expressed
6 concern regarding the Court's denial of motions to transfer cases to the Prescott Division in
7 the past.  *See United States v. Etsitty*, 130 F.3d 420, 424-26 (9th Cir. 1997).  However, this
8 concern has only arisen in the context of jury panel selection for criminal trials.  The present
9 case is a civil action where the time for jury selection is still quite far in the future.

10       The Court thus exercises its authority under 28 U.S.C. § 1404(c) to maintain the
11 present action in the Phoenix Division.

12       **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Change the Divisional
13 Office (CV-08-0776-PHX-JAT Doc. # 11) is **DENIED** without prejudice to reurging the
14 matter should this case reach the jury selection phase.

15       DATED this 24th day of July, 2008.

16
17                                                 James A. Teilborg
18                                             United States District Judge
19
20
21
22
23
24
25
26
27
28